**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BRODERICK LEVAR MCCOY**                                                        **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:13-cv-515-KS-MTP**

**DR. RONALD WOODALL, ET AL.**                                            **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims

against Defendants L.C. Williams and Jalisa Franks should be dismissed under 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim.  Having considered the record and applicable law

and having conducted a *Spears*[1] hearing on the issues, the undersigned recommends that

Defendants Williams and Franks be dismissed and that Plaintiff's claims continue as to

Defendants Dr. Ronald Woodall and Ronald King.

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject

matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331.  This lawsuit arises

from events which took place while Plaintiff was a post-conviction inmate at South Mississippi

Correctional Institution ("SMCI") in Leakesville, Mississippi.  Plaintiff is currently housed at

Walnut Grove Correctional Facility in Walnut Grove, Mississippi.  Plaintiff's claims and relief

sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828
F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims
alleged in the complaint).

According to Plaintiff, on the evening of October 31, 2011, inmate Keldric Clark closed the window next to Plaintiff's bed, and Plaintiff told Clark to stay away from his window. Thereafter, Clark allegedly mixed water and chemicals used to clean the bathrooms, heated the mixture in a microwave, and poured them on Plaintiff as he slept.  Plaintiff allegedly suffered severe burns.

Plaintiff alleges that Defendants L.C. Williams and Jalisa Franks were supposed to remove the microwave and cleaning supplies from the prison zone prior to bedtime, but they failed to do so.  Additionally, Plaintiff alleges that Defendant Williams and Franks were asleep in the watchtower when Clark assaulted him.  According to Plaintiff, because Defendants Williams and Franks were not attentive to the inmates and did not remove the microwave and cleaning supplies, inmate Clark was able to assault Plaintiff.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

The Eighth Amendment places prison officials under a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).  However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834.  To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

As previously mentioned, Plaintiff asserts that because Defendants Williams and Franks were not attentive to the inmates and did not remove the microwave and cleaning supplies, inmate Clark was able to assault Plaintiff.  Plaintiff, however, does not allege that he complained about Clark to Defendants Williams and Franks.  Additionally, Plaintiff does not allege that Defendants Williams and Franks actually knew that Clark posed a threat to Plaintiff.  The tame encounter between Plaintiff and Clark prior to the assault, during which Plaintiff allegedly told Clark to stay away from his window, is not sufficient to put anyone, including Plaintiff, on notice that Clark posed an excessive risk to Plaintiff.  Plaintiff simply does not allege or demonstrate that Defendants Williams and Franks were aware of an imminent threat of harm and intentionally ignored the threat.

Even if Defendants Williams and Franks acted improperly or negligently[3] by not removing the microwave and cleaning supplies and by not being attentive to the inmates, such actions do not rise to the level of a constitutional violation.  "Actions and decisions by officials

---

[3] In his Complaint [1], Plaintiff states that his injuries "would not have happen [sic] if tower officers Williams and Franks had not been negligent in their duties . . . ."

that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 379 (5th Cir. 2005). Plaintiff's allegations, "which rise only to the level of mere negligence, are not sufficient to state a failure-to-protect claim." *Chester v. Dretke*, 2005 WL 1155133, at *3 (S.D. Tex. April 27, 2005) (holding that an inmate's allegation that an attack by a fellow inmate was caused by a correction officer not "watching his squad" was insufficient to state a failure-to-protect claim) (citing *Farmer*, 511 U.S. at 837; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Oliver*, 914 F.2d at 60). "A sudden and unanticipated attack during the middle of the night by another inmate is insufficient to state a constitutional claim against the Defendants." *Sirmans v. Williams*, 2009 WL 1788186, at *2 (N.D. Fla. June 22, 2009) (explaining that the plaintiff made only a conclusory allegation that the defendants were asleep and failed to allege that the defendants knew the plaintiff was in any danger of being attacked). The record demonstrates that Plaintiff was afforded the opportunity[4] to "plead his best case." *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). At best, Plaintiff may have stated a claim for negligence against Defendants Williams and Frank which is plainly insufficient to state a cognizable claim under Section 1983. *Oliver*, 914 F.2d at 60.

### RECOMMENDATION

Plaintiff fails to state a claim against Defendants Williams and Franks upon which relief may be granted. Therefore, the undersigned recommends that Plaintiff's claim against Defendants Williams and Franks be dismissed with prejudice pursuant to Section 1915(e)(2)(B)(ii). This recommendation does not affect or relate to the remaining Defendants.

---

[4] The Court conducted a *Spears* hearing in this matter on February 19, 2015.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 19th day of August, 2015.

s/ Michael T. Parker
United States Magistrate Judge